BARTOLOMÉ CARBONELL, Appellant, v. REGISTRAR OF PROPERTY OF SAN JUAN (SECOND SECTION), Respondent.

No. 797. Submitted January 22, 1930.—Decided February 4, 1930.

*José G. Torres* and *Carlos del Toro Fernández*, for appellant. The registrar filed no brief.

MR. JUSTICE WOLF delivered the opinion of the court.

According to section 170 of the Mortgage Regulations a debtor must be notified that if he does not pay the debt within a fixed time the property secured by the mortgage will be sold. Section 172 provides that if the payment is not made the property affected should be sold. In this case the District Court of San Juan made one joint order wherein the debtor was required to pay and, if he did not, the property was ordered sold. The registrar refused to record a deed made by the marshal, because the order of sale was not made after the time for paying had expired.

The registrar was right. The conditional or joint form of the order made no difference. Until the time for paying

had elapsed it may be said that no authority or jurisdiction arose actually to order the sale.

The expiration of the statutory time was a condition precedent for the issuance of said order. The case is not totally dissimilar to one where within the period allowed for an answer the court should enter an order for judgment by default in case the defendant did not answer. In the Mortgage Law there is a similar full period whereunder no right to obtain a sale arises until the debtor has defaulted.

Nor was the registrar beyond his powers. Under section 18 of the Mortgage Law the registrar has the authority and duty to say that the sale was not legal.

The note should be affirmed.